## MULLER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. CARRIERS—STREET RAILROADS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action for personal injuries against a street railway plaintiff testified that, after the car on which he was a passenger had been stopped in response to his signal to the conductor, he stepped down upon the running board, and from that position was thrown to the ground by a sudden starting of the car. Another passenger corroborated his statement, except as to the car starting up again before he was injured, but she did not explain how he could have been injured with the car standing still. A third passenger testified that plaintiff was injured by stepping from the car while it was in motion. Neither the conductor nor motorman was called, nor was their absence explained. *Held*, that a verdict in favor of plaintiff was not against the preponderance of the evidence.

2. SAME—RESULTING INJURY—EVIDENCE OF CHARACTER.

In an action for injuries received in a street railway accident plaintiff testified that a hernia was produced thereby, and the physician who attended him (an unwilling witness) testified that on his first examination of plaintiff's groin, a day or so after the accident, he found a hernia, but whether of recent or long standing he did not know. *Held*, that the hernia was shown to have resulted from the accident, so as to render competent testimony as to the nature of the hernia as ascertained by an examination 2½ years after the accident.

3. SAME—HYPOTHETICAL QUESTION—OBJECTIONS—EXCEPTIONS.

Where the plaintiff in an action for injuries received in a street car accident included in one of several hypothetical questions certain injuries which had been eliminated from the case, and no objection was interposed on the ground that the question assumed unproved facts, an exception to the question did not present error in that regard.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Frank Muller against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Addison C. Ormsbee, for appellant.
Maurice B. Blumenthal, for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the defendant's negligence. The plaintiff was injured on the 9th day of August, 1899, shortly before 8 o'clock in the evening, in alighting from a south-bound open car on Lexington avenue at Fifty-Third street. The first contention on the part of the appellant is that the verdict is against the weight of the evidence. The plaintiff was a passenger on the defendant's Fifty-Ninth Street Line, and transferred to the Lexington Avenue Line. He testifies that on delivering the transfer to the conductor he notified the latter that he desired to stop at Fifty-Third street; that he signaled the conductor at Fifty-Fourth street, and the conductor pulled the rope, and the car came to a full stop; that he then got up from his seat, and stepped down to the running board, and the conductor was standing near him, and saw him, "and the car gave a jerk,—a sudden start,—and threw me out." Neither the conductor nor motorman was called as a witness, nor was their absence satisfactorily accounted for. The only other eyewitnesses to the accident who testified were a husband and wife, who were passengers on the car, and were called by the defendant. The testimony of the husband indicates that the plaintiff stepped from the car while it was in motion, and before it had stopped; but the wife fully corroborates the plaintiff to the effect that he signaled the conductor, and that the car came to a full stop before the accident. She does not corroborate the plaintiff on the point that the car started up again before he was injured, but she gives no satisfactory explanation of how he could receive the injuries while the car was standing still. In these circumstances it cannot be said that the evidence preponderated in favor of the defendant.

The plaintiff's left shoulder was dislocated, and he also claims that the injuries produced a hernia in his right groin. According to his evidence, he fell rather sideways, facing the sidewalk, striking his left shoulder first, and then his left hip, causing abrasions of the skin. A physician, who examined him about $2\frac{1}{2}$ years after the accident, was permitted to describe this hernia to the jury, under the defendant's objection and exception that it had not been shown that the rupture was caused by the accident. This exception is urged as a ground for reversal. The plaintiff testified, before the reception of this evidence, that he had never experienced any pain or trouble in his right groin before the accident; that at the time he fell he heard something snap, and had great pain in that region; that after the accident he had a swelling in the right groin, which has remained there ever since; that the doctor prescribed a truss

two or three days after the accident, and he has worn one since that time; that before the accident there was nothing the matter at the place where the swelling came on afterwards, and "that rupture that I claim that I have on my right groin now was the result of this accident, and I never had any difficulty prior to this accident." The physician who attended the plaintiff immediately after the accident, although called in his behalf, was rather an unwilling witness. He testified that he set, and treated him for, the shoulder, and did not make any other examination at that time; that the plaintiff was suffering from shock and bruises, and complained of a little pain on the left side, but did not complain of any hernia; that the plaintiff's coat and vest only were removed; that he found no evidence of a hernia, but did not look for it; that a few days later he examined the plaintiff's right groin, and found a hernia, and prescribed a truss; that he did not examine the hernia with sufficient care at that time to know whether it was of recent origin or long standing. It thus appears, if the plaintiff's evidence was believed, that the hernia was caused by the accident. In so stating he was not giving an opinion, and no objection to this evidence was interposed. He was testifying to a fact, which he must have known was either true or false. His credibility was for the jury. There was, therefore, evidence upon which the jury could find that the hernia was caused by the accident, and it was entirely proper to allow the physician to describe it.

The plaintiff testified that his left ankle was injured and became swollen as a result of the accident. This evidence was subsequently stricken out by consent on the ground that those injuries were not pleaded. Later on, counsel for the plaintiff, in a hypothetical question reciting the injuries sustained by the plaintiff, and the circumstances under which they were inflicted, embraced the statement "that his left ankle becomes swollen." This is now urged as a ground for a new trial. No objection was interposed to this question on the ground that it assumed facts not proven, nor was the attention of counsel for the plaintiff or of the court in any manner drawn to the fact that this evidence had been stricken out. It was omitted from the hypothetical question subsequently asked. The exception to the hypothetical question, therefore, can be of no avail to the defendant as presenting error in this regard.

The question as to what would be the reasonable and fair compensation of a physician "for professional consultation of even the most ordinary kind for the period of seven months, consultations having been had two or three times a week during that period," was objectionable; but the answer, "About $2 a visit," was competent, and did not harm the defendant.

It is conceded that the verdict is very small if the plaintiff sustained the injuries of which he complains. The evidence made that a fair question of fact for the jury.

These views lead to the conclusion that the judgment and order should be affirmed, with costs.

PATTERSON and HATCH, JJ., concur. VAN BRUNT, P. J., and INGRAHAM, J., dissent.